UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MALONEY + NOVOTNY, LLC, | ) | CASE NO. 1:07cv2832 |
| | ) | |
| Plaintiff, | ) | JUDGE BOYKO |
| | ) | |
| vs. | ) | |
| | ) | [PROPOSED] ORDER |
| RSM McGLADREY, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Upon Joint Motion of the parties dated ~~January~~ February 8, 2008, (the "Joint Motion," doc. 67), and for good cause shown, the Court hereby ORDERS that:

I. The Court's Order dated November 21, 2007 (Dkt. #63, p. 15) is vacated in its entirety.

II. The parties and M&P are ordered to exchange client information between and among them in accordance with the terms of their agreements (including without limitation information that is commingled with information designated for exchange under the parties' agreements to the extent the producing party determines that it would be impractical to segregate such information), including files and materials related to attest and non-attest work (which would likely contain, for example, workpapers, audit information, tax returns, "tax return information" as defined in 26 CFR §301.7216-1(b)(2) and related workpapers, financial information, electronic files, and business and proprietary information of and/or relating to clients.) This disclosure shall be consistent and compliant with the parties' nondisclosure obligations pursuant to 26 U.S.C. § 7216; applicable professional rules and standards, including those promulgated by the American Institute of Certified Public Accountants, State Boards of

{00216368.DOC;-1}

Accountancy, and similarly-purposed organizations and associations; and any other protection from disclosure that may be subject to exception pursuant to court order; and

III. In accord with the parties' agreements and stipulations regarding RSM Data (as that term is defined in the Joint Motion) and for good cause shown, the Court orders as follows:

(A) Treatment of RSM Data. M+N (as used herein, M+N includes any and all of its members, partners, employees, representatives, agents, counsel and any person or entity acting on behalf of or in concert with M+N) shall immediately return to RSM or destroy all RSM Data obtained by it on or after January 1,2008, to the extent that such RSM Data has not already been returned to RSM or destroyed. M+N shall not retain, use, or disseminate any RSM Data that may remain in its possession, including any such data that may be contained in any contacts lists.

(B) Affidavits by M+N. M+N has submitted to RSM affidavits of Carl Wirtz and Dean Ward relating to the RSM Data (the "M+N Affidavits"). The submission of the M+N Affidavits by M+N is required by this Order.

(C) Disposition of any RSM Data Subsequently Located. In the event that M+N determines subsequent to the execution of the first-executed M+N Affidavit that (1) it has any RSM Data in its possession or (2) any third party has any RSM data in his/her/its possession that was obtained from M+N (whether directly or indirectly), M+N shall notify RSM immediately, and shall retrieve, and return or destroy, any such RSM Data to RSM within 24 hours of this determination.

IV. The above-captioned case is dismissed, with prejudice, with each party to bear its own costs, expenses and attorney fees.

IT IS SO ORDERED.

Dated:

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
U.S. District Court Judge

**FILED**
FEB 11 2008
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND